UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA M. W.,

      Plaintiff,

                                     Case No. 1:25-cv-536

v.

                                     HON. JANE M. BECKERING

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## OPINION AND ORDER

This is a closed social security case.  The Court previously entered an Order and Judgment granting the parties' stipulation to remand the matter to the Commissioner under 42 U.S.C. § 405(g) for further administrative proceedings (Or. & J., ECF Nos. 13 & 14).  Plaintiff filed an unopposed motion for an award of $8,052 under the Equal Access to Justice Act ("EAJA"), calculating this figure based on thirty-three hours of attorney time multiplied by a requested hourly rate of $244 (Mot., ECF No. 15; Decl., ECF No. 15-2).

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R") (ECF No. 17) recommending that the Court grant the motion, accept Plaintiff's submission of thirty-three hours as reasonable, but reduce the requested EAJA hourly rate from $244 to $204.75 (R&R, ECF No. 17 at 1132).  The Magistrate Judge reasoned as follows:

> First, as for the requested rate, I and other judges in this district have previously found $204.75 per hour to be an appropriate rate for attorney time under the EAJA. In fact, the Court recently awarded EAJA attorney fees at this rate. *See Vankerson v. Comm'r of Soc. Sec.*, No. 1:24- cv-909 (W.D. Mich.), ECF Nos. 14 and 15. Thus, I conclude that the $204.75 rate is reasonable and appropriate for all attorney hours incurred in this matter.

> [Second, as] for the number of hours, I find that the record, including Plaintiff's initial brief, reasonably supports an award based on 33 hours of attorney time that Plaintiff requests. Accordingly, I recommend that Plaintiff be awarded attorney's fees in the amount of $6,756.75 (33 hours x $204.75).

(R&R, ECF No. 17 at 1132).  Plaintiff filed an objection to the Report and Recommendation, arguing that the Magistrate Judge erred by reducing Plaintiff's unopposed EAJA hourly rate by sixteen percent, down "to only $204.75" (Obj., ECF No. 18 at PageID.1136).  Plaintiff advances several arguments to support this objection, contending that the Magistrate Judge should not have relied solely on prior decisions from this district to set the EAJA hourly rate without considering the case-specific evidence in the record before the Court.  The Commissioner did not file any response to Plaintiff's objection.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has reviewed de novo the portion of the Report and Recommendation to which the objection has been made.  The Court will grant the objection, adopt the Report and Recommendation as modified herein, and grant Plaintiff's motion.

"Although the prevailing party in an action seeking judicial review of a decision of the Commissioner of the Social Security [Administration, or 'SSA'] may apply for attorneys' fees, that party is not entitled to them as a matter of course." *Woods v. Commissioner of Social Security*, No. 1:25-CV-270, 2026 WL 532390, at *1 (W.D. Mich. Feb. 26, 2026) (citing 28 U.S.C. 2412(d)(1)(A) and *United States v. 0.376 Acres of Land*, 838 F.2d 819, 824 (6th Cir. 1988) ("The text of the Equal Access to Justice Act . . . shows that Congress did not intend to provide an automatic award of attorney fees to any citizen who prevailed against the government.")).  "Once the court determines that fees should be awarded, the court should *not* find an award 'in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Id.* at *1 (quoting and adding emphasis to 28 U.S.C. § 2412(d)(2)(A)).  This statutory

2

language "shows that Congress intended for this statutory rate to be 'a ceiling and not a floor.'"
*Id.* (citing *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 455 (6th Cir. 2017)).  "[A]ny decision to award an attorney fee rate above the $125 cap is within the sound discretion of the district court," regardless of whether the Commissioner objects to the EAJA rate requested.  *See Caviness*, 681 F. App'x at 455 (articulating the standard for a cost-of-living increase without discussing whether the Commissioner objects); *Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 492 (6th Cir. 2021) (indicating that district courts must examine the evidentiary support for an EAJA hourly rate even if a plaintiff's evidence is "unrefuted").  It is a plaintiff's burden to produce evidence supporting a requested increase and to show how the requested rate is in line with those prevailing in the community for similar services offered by those of comparable skill and reputation.  *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).[1]

As an initial matter, the Court recognizes that the Magistrate Judge had good reason to recommend a $204.75 EAJA hourly rate in this case (*see* R&R, ECF No. 17 at 1132–1133).  In *Woods v. Commissioner of Social Security*, issued just a few months ago, a court in this district declined to adopt an EAJA rate of $246 per hour in a social security case after conducting an

---

[1] Plaintiff argues, without supporting authority, that the lack of an objection by the Commissioner eliminates Plaintiff's burden and divests the Court of its "discretion in deciding reasonable fee awards" under with the EAJA (*see* Obj., ECF No. 18 at PageID.1136, citing inapposite case law outside the context of an EAJA award in a social security case and, in some instances, citing case law that has no connection whatsoever to the specific legal proposition for which it is cited).  To the extent Plaintiff suggests that "it is absolutely pointless" and "a waste of [resources]" for this Court to examine whether Plaintiff has submitted evidence sufficient to carry the statutory burden articulated by the Sixth Circuit (*see* Mot., ECF No. 15 at PageID.1116), the Court declines to ignore binding appellate authority.  *See Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (exhaustively reviewing the national federal appellate landscape relevant to EAJA cost-of-living increases and noting that the Sixth Circuit requires social security plaintiffs to submit a higher quantum of proof than the majority of its sister circuits given the Sixth Circuit's conclusion that "submission of [CPI data alone] is 'not enough' to obtain a cost-of-living adjustment").

extensive review of similar decisions, concluding that "an attorney's fee award of $246.75 per hour would deviate from the consistent finding within this district that $204.75 represents the reasonable rate for social security cases in this community." *See* 2026 WL 532390 at *2.[2]

That said, the Sixth Circuit has expressly stated that "[a]lthough relying on prior fee awards may be proper in the absence of any credible evidence by the fee applicant of a higher prevailing market rate, summarily dismissing the applicant's evidence and treating prior default EAJA awards as dispositive" represents an abuse of discretion. *Doucette*, 13 F.4th at 492 (reversing two district court decisions that were based solely on the reasoning that "[j]udges in the Eastern District of Kentucky usually award only $125 per hour in social security cases, and plaintiffs' relatively simple cases did not justify straying too far from this practice").

---

[2] *Accord Garrod v. Comm'r of Soc. Sec.*, No. 1:25-CV-57, 2025 WL 1665215, at *1 (W.D. Mich. May 28, 2025) (Green, M.J.) (award of $204.75 rate), *report and recommendation adopted*, No. 1:25-CV-57, 2025 WL 1664231 (W.D. Mich. June 12, 2025); *Vankersen v. Comm'r of Soc. Sec.*, No. 1:24-CV-909, 2025 WL 1811405, at *1 (W.D. Mich. June 16, 2025) (Kent, M.J.) (same), *report and recommendation adopted*, No. 1:24-CV-909, 2025 WL 1807679 (W.D. Mich. July 1, 2025); *Strassburg v. O'Malley*, No. 2:23-CV-168, 2024 WL 4132194 (W.D. Mich. July 11, 2024) (Vermaat, M.J.) (rejecting $220.70 per hour rate and awarding $204.75 instead); *Scharich v. Comm'r of Soc. Sec.*, No. 1:24-CV-751, 2025 WL 438868 (W.D. Mich. Jan. 23, 2025), *report and recommendation adopted*, No. 1:24-CV-751, 2025 WL 437935 (W.D. Mich. Feb. 7, 2025) (awarding $204.75 per hour rate); *Meeks v. Comm'r of Soc. Sec.*, No. 1:24-CV-1001, 2025 WL 1570565 (W.D. Mich. May 19, 2025), *report and recommendation adopted*, No. 1:24-CV-1001, 2025 WL 1569213 (W.D. Mich. June 3, 2025) (awarding a $201.92 per hour rate)).

The Court notes, however, that within days of the *Woods* decision, the same court adopted an EAJA hourly rate of $244.37 per hour in a social security case, relying on the "absence of an objection" from the Commissioner, a result underscoring that an appropriate EAJA rate depends on the specific facts of a case. *See Vick v. Comm'r of Soc. Sec.*, No. 1:25-CV-62, 2026 WL 703354, at *1 (W.D. Mich. Mar. 12, 2026). The Commissioner has not objected here (*see* Obj., ECF No. 18 at PageID.1138). Plaintiff also notes that this Court has previously adopted an EAJA rate exceeding $204.75 based on the specific facts of certain other social security cases pending before it (*id.* at PageID.1142, citing *Kleeves v. Comm'r of Soc. Sec.,* No. 2:24-cv-00069-JMB-MV, ECF Nos. 11–13 (W.D. Mich. 2024)); *cf. Allen v. Comm'r of Soc. Sec.,* No: 1:23-cv-00546-PLM-PJG, ECF No. 18 (W.D. Mich. 2023) (adopting EAJA hourly rate of $220.00 in a social security case).

In this case, the Magistrate Judge did not specifically analyze the evidence presented by Plaintiff to support Plaintiff's proposed $244 hourly rate (R&R, ECF No. 17 at PageID.1133). And although the Report and Recommendation ably, concisely, and accurately summarizes relevant prior decisions from within this district, its analysis runs headlong into *Doucette*'s admonition that "[d]istrict courts should . . . hesitate to give controlling weight to prior awards when presented with other credible evidence of the current market for legal services," particularly "when, as here, *the other evidence is unrefuted*."  13 F.4th at 491 (emphasis added).

The Court will review de novo the evidence submitted by Plaintiff to justify a $244 EAJA rate in this case.  Plaintiff cites the Midwest Consumer Price Index (Mot., ECF No. 15 at PageID.1120), along with the Consumer Price Index (Mot. Ex. 1, ECF No. 15-1 at PageID.1126), and argues that "[t]he $244.00 hourly rate sought" conforms to these indices (Mot., ECF No. 15 at PageID.1120, citing 28 U.S.C. § 2412(d)(2)(A)(ii) and *Anthony G. v. Kijakazi*, No. 421CV04220, 2023 WL 6879827, at *3 (C.D. Ill. Oct. 18, 2023) (relying on citations to regional billing rates and the Midwest Consumer Price Index to establish the EAJA hourly rate in a social security case)). The Commissioner did not file a response opposing Plaintiff's calculations (*see* Obj., ECF No. 18 at PageID.1138).  Plaintiff also submits a declaration addressing the level of complexity associated with the matter before the Court, the background and experience of Plaintiff's counsel—a former attorney for the SSA with years of experience as a social security specialist—and other factors relevant to the EAJA rate (Chermol Decl., ECF No. 15-2 at PageID.1127).[3]

---

[3] Plaintiff also submits new evidence and arguments in support of Plaintiff's Objection that Plaintiff failed to raise before the Magistrate Judge (*see, e.g.,* Farrell Decl., ECF No. 18-1).  Parties are "not permitted to raise new arguments and present new evidence in objections to a report and recommendation," and the Court will not consider these improper submissions, which should have been provided, if at all, in support of Plaintiff's motion.  *Rogan v. Tomlinson*, No. 19-CV-12975, 2021 WL 1105293, at *3 (E.D. Mich. Mar. 23, 2021); *Hampton v. Comm'r of Soc. Sec.*, No. 19-CV-13478, 2021 WL 1115865, at *6 (E.D. Mich. Mar. 24, 2021) (same).

In reviewing the above evidence, the Court notes that a plaintiff in a social security case may not rely *exclusively* on "the Department of Labor's Consumer Price Index" to argue that "the rate of inflation support[s] an increase in" the "EAJA hourly-fee rate." *Bryant*, 578 F.3d at 450; *accord Sprinkle*, 777 F.3d at 428 ("While the CPI suffices as proof of an increase in the cost of living, claimants must still produce satisfactory evidence that the increase in the cost of living justifies the rate requested . . . . So claimants must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience."). Courts within this district have concluded that affidavits similar to those submitted by Plaintiff here, taken together with evidence of relevant market rates and Consumer Price Index data, may satisfy the evidentiary burden articulated by the Sixth Circuit.[4] *See Reginald V. v. Comm'r of Soc. Sec.*, No. 1:25-CV-00062, 2026 WL 705206, at *1 (W.D. Mich. Feb. 24, 2026), *report and recommendation adopted sub nom. Vick v. Comm'r of Soc. Sec.*, No. 1:25-CV-62, 2026 WL 703354 (W.D. Mich. Mar. 12, 2026) (noting that "Plaintiff justifies the cost-of-living

---

[4] The Court also notes that the "majority" of federal circuits, excluding the Sixth Circuit, recognize that courts "should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." *See Sprinkle*, 777 F.3d at 428; *Castaneda–Castillo v. Holder,* 723 F.3d 48, 76 (1st Cir. 2013) (adjusting "the $125 statutory cap to reflect the increase in the cost of living" according to the CPI–U); *Harris v. Sullivan,* 968 F.2d 263, 265 (2d Cir. 1992) (agreeing with "almost every court that has applied . . . subsection [2412(d)(2)(A) of the EAJA] . . . that 'cost of living' . . . is properly measured by the [CPI]"); *Garcia v. Schweiker,* 829 F.2d 396, 401 (3d Cir. 1987) ("The [CPI] may be used in determining cost of living adjustments under the EAJA."); *Sullivan v. Sullivan,* 958 F.2d 574, 576 (4th Cir. 1992) (concluding that the EAJA "requires the use of a broad cost-of-living index," such as the CPI–U); *Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990) (stating that the CPI "constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorneys' fees greater than" the statutory cap) (internal citation omitted); *Thangaraja v. Gonzales,* 428 F.3d 870, 876–77 (9th Cir. 2005) ("[A]ppropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average . . . CPI–U for the years in which counsel's work was performed.") (cleaned up); *Am. Wrecking Corp. v. Sec'y of Labor,* 364 F.3d 321, 330 (D.C. Cir. 2004) (approving the use of the CPI as an "inflation calculator" for EAJA COLA adjustments). The Sixth Circuit accepts CPI evidence but also requires additional case-specific evidence, and this Court is bound to follow Sixth Circuit authority. *See Reginald V.*, 2026 WL 705206 at *1.

increase with data from the Department of Labor's Consumer Price Index *and* an affidavit stating that counsel has over twenty years practicing almost exclusively Social Security Disability law") (emphasis in original); *Johnson v. Comm'r of Soc. Sec.*, No. 1:14-CV-347, 2015 WL 14115051, at *2 (W.D. Mich. Sept. 21, 2015) ("[T]he Sixth Circuit holds that submitting nothing more than the CPI is insufficient . . . [but taken together with the specific affidavit and other evidence] submitted by counsel[, the record] is sufficient to justify payment at an inflation-adjusted rate"); *Mogdis v. Comm'r of Soc. Sec.*, No. 1:18-CV-82, 2019 WL 3765587, at *3 (W.D. Mich. Aug. 9, 2019) (noting that "[t]he combination of evidence provided by Plaintiff and this Court's recognition [of the success rates for social security appeals] . . . justifies an hourly rate of $270").

In light of the evidence in this case, the Court will approve Plaintiff's request for a $244 per hour EAJA rate based on the specific record before the Court, including the absence of any opposition from the Commissioner.  The Court will adopt the Report and Recommendation with that modification and will grant Plaintiff's unopposed motion for EAJA fees.[5]

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objection (ECF No. 18) is GRANTED to the extent stated in this Opinion and Order.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 17) is ADOPTED as to the number of hours compensable under the EAJA here and MODIFIED as to Plaintiff's requested hourly rate as set forth in this Opinion and Order.

---

[5] In so doing, the Court is not making "an independent determination of the appropriate rate" applicable in other social security cases involving requests for cost-of-living increases. *See Vick*, 2026 WL 703354 at *1; *Johnson*, 2015 WL 14115051 at *2 ("Acknowledgment of increases in the cost of living" based on the specific evidence presented in one case at one point in time "does not create an automatic entitlement to fee enhancements" in other cases).

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion for EAJA Attorneys' Fees (ECF No. 15) is GRANTED, and Plaintiff is awarded attorneys' fees in the amount of $8,052, based on thirty-three (33) hours of attorney time and an EAJA hourly rate of $244, with payment to be made directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Dated:  May 11, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge